ELDRIDGE et al. v. WARD, Revenue Collector.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 18.

INTERNAL REVENUE (§ 19*)—STAMP TAXES—BUCKET SHOP TRANSACTIONS.

A bucket shop, which made contracts for the purchase and sale of stocks and commodities with its customers, and executed the same by pretended purchases and sales through another bucket shop having no relations with such customers, the contract between them expressly providing that the first was not an agent of the second, was conducting a separate business, and the transactions of both concerns were subject to the stamp tax imposed by War Revenue Act June 13, 1898, c. 448, § 25, schedule A,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

30 Stat. 458, as amended by Act March 2, 1901, c. 806, § 8, subd. 3, 31 Stat. 943 (U. S. Comp. St. 1901, p. 2302).

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 19.*]

In Error to the Circuit Court of the United States for the Northern District of New York.

Action by Harry Eldridge and Elwood Blessing against John G. Ward, Collector of Internal Revenue for the Fourteenth district of New York. Judgment for defendant (155 Fed. 253), and plaintiffs bring error. Affirmed.

On writ of error to review a judgment entered October 30, 1907, in the Circuit Court for the Northern District of New York upon the decision of the court, a jury trial having been waived, dismissing the complaint, with costs. The action was brought to recover of John G. Ward, as collector of internal revenue, $1,804.88, alleged to have been unlawfully collected by him as taxes under the war revenue act of June 13, 1898. The taxes were imposed upon plaintiffs' business as stockbrokers, commonly known as a "bucket shop." The opinion of the Circuit Court is reported in 155 Fed. 253.

Eugene D. Flanigan, for plaintiffs in error.
George B. Curtiss, U. S. Atty., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. But little need be added to the opinion of the judge of the Circuit Court, which carefully considers all the questions presented. He finds the following facts:

First. The plaintiffs and their New York correspondent, the Stock, Grain & Provision Company, were at all the times in controversy engaged in conducting, respectively, what is commonly known as a "bucket shop."

Second. The plaintiffs were not the agents of the New York company, the contract between them expressly providing to that effect.

Third. The agreement between the plaintiffs and their customers was an entirely separate and distinct affair. The customer only knew the plaintiffs in the transaction. If the customer's wager as to the rise or fall of the market was successful, the plaintiffs paid him the amount of his winnings; if he lost, the amount was divided between the plaintiffs and the New York company.

Fourth. The New York company stamped a duplicate of the written statement of each transaction, but the plaintiffs paid no tax on the transaction at Albany.

Upon these facts we think the court was correct in holding that there were two entirely separate and distinct transactions, one at Albany and another at New York, each liable to pay under the law. The same ruling was made in Municipal T. & S. Co. v. Ward, 133 Fed. 70, affirmed 138 Fed. 1006, 70 C. C. A. 284. The only distinction between the two cases is that in the Municipal Co. Case the memorandums delivered by the correspondents to their customers were stamped, but the plaintiff did not stamp the memorandums sent to its correspondents.

The law there enunciated is equally applicable here, for it was distinctly held by implication that the transaction between these plaintiffs

and their customers was distinct from the transaction between plaintiffs and their New York correspondent, and that ea·'h must pay the revenue tax.·

The judgment is affirmed.